U.S. COURT OF APPEALS
RECEIVED CLERK
MAY 02 2025
ATLANTA, GA

RAIL

No. 25-10481-C

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| JAMES BUSSEY and BRENDA SANDOVAL REY, | |
| Plaintiffs-Appellants | On Appeal from the United States District Court for the Northern District of Georgia |
| v. | |
| FAIRWAY INDEPENDENT MORTGAGE CORPORATION, CHRIS SHUMATE, MCCALLA RAYMER-LIEBERT PIERCE, LLC, and BRIANA TOOKES, | Case No. 1:24-cv-4968-VMC |
| Defendants-Appellees. | |

### PLAINTIFFS-APPELLANTS REPLY BRIEF

James Bussey (Pro Se)
Brenda Sandoval Rey (Pro Se)
455 Liberty Trace
Roswell, Georgia 30076
404-993-3925
JamesBussey72@yahoo.com
*Plaintiffs-Appellants, pro se*

# CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, Appellants certify the following persons and entities have an interest in the outcome of this appeal:

1. **James Bussey** – Plaintiff-Appellant, pro se.

2. **Brenda Sandoval Rey** – Plaintiff-Appellant, pro se.

3. **Fairway Independent Mortgage Corporation** – Defendant-Appellee, a corporation organized under the laws of Texas, with no publicly traded parent company.

4. **Chris Shumate** – Defendant-Appellee, individual.

5. **McCalla Raymer-Liebert Pierce, LLC** – Defendant-Appellee, a limited liability company organized under the laws of Georgia, with no publicly traded parent company.

6. **Briana Tookes** – Defendant-Appellee, individual, associated with McCalla Raymer-Liebert Pierce, LLC.

7. **William O. Tate** – Attorney for Defendants-Appellees, associated with McCalla Raymer-Liebert Pierce, LLC.

8. **Judge Victoria Marie Calvert** – Former presiding judge in the district court, United States District Court for the Northern District of Georgia.

Appellants, James Bussey and Brenda Sandoval Rey, are individuals and not corporations. Appellants therefore have no corporate disclosure statement to make. Defendants-Appellees Fairway Independent Mortgage Corporation and McCalla Raymer-Liebert Pierce, LLC, are corporate entities, and their corporate disclosure information is provided above to the best of Appellants' knowledge.

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT .................................................................................... 1

STATEMENT OF THE CASE AND FACTS ............................................................... 1

ARGUMENTS ................................................................................................................ 2

    I.   Defendants' Failure To Respond Mandates Default Judgment ............................. 2

    II.  Appellants' Right To Rescind The Mortgage Under Tila Is Uncontested ........... 3

    III.  Dismissal Without Notice Or Hearing Violated Due Process ........................... 4

    IV.  Failure To Compel Production Of Records Violates Discovery Rules ............ 4

    V.   Defendants' Fraudulent Conduct And Unlicensed Representation Invalidate The Mortgage 5

    VI.  Judicial Bias And Threats Of Sanctions Violate Due Process ........................... 6

    VII. *Pro Se* Status Entitles Appellants To Liberal Construction ............................. 6

    VIII. Constitutional And Civil Rights Violations ....................................................... 6

CONCLUSION ................................................................................................................ 7

CERTIFICATE OF COMPLIANCE .............................................................................. 9

CERTIFICATE OF SERVICE ..................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) ............................................................... 4

*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009) ......................................... 6

*Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984) ............... 5

*H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970) ............................................................................................................................ 3

*Haines v. Kerner*, 404 U.S. 519, 520 (1972) .................................................................... 6

*Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ................................................................. 5

*In re Murchison*, 349 U.S. 133, 136 (1955) ..................................................................... 6

*Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. 259, 262 (2015) .......................... 3

*Marbury v. Madison*, 5 U.S. 137, 178 (1803) .................................................................. 7

*Matthews v. Eldridge*, 424 U.S. 319, 333 (1976) ............................................................ 4

*Schware v. Board of Bar Examiners*, 353 U.S. 232, 239 (1957) ..................................... 6

**Statutes**

12 C.F.R. § 1026.23 ........................................................................................................... 3

15 U.S.C. § 1638(a) ........................................................................................................... 3

15 U.S.C. § 1692e(3)-(4) ................................................................................................... 5

18 U.S.C. § 894 .................................................................................................................. 6

22 U.S.C. § 612 .................................................................................................................. 6

28 U.S.C. § 1654 ................................................................................................................ 6

42 U.S.C. § 1983 ................................................................................................................ 6

O.C.G.A. § 15-19-50 ........................................................................................... 6

**Rules**

Fed. R. Civ. P. 34(a)(1) ...................................................................................... 4

Fed. R. Civ. P. 36(a)(3) ...................................................................................... 3

Fed. R. Civ. P. 4(m) ........................................................................................... 4

Fed. R. Civ. P. 60(b) .......................................................................................... 4

Federal Rule of Civil Procedure 55(a) .............................................................. 2

**Regulations**

7 CFR § 3555.108 .............................................................................................. 5

iii

## PRELIMINARY STATEMENT

Plaintiffs-Appellants, James Bussey and Brenda Sandoval Rey, *pro se*, submit this Reply Brief, in Response to the Appellee's Brief. Plaintiff's-Appellants challenging the unlawful dismissal of Case No. 1:24-cv-4968-VMC by the United States District Court for the Northern District of Georgia. The district court's actions to wit, dismissing the case without notice, hearing, or adjudication on the merits, consolidating it with a previously dismissed case, and ignoring properly filed motions, violated fundamental procedural and constitutional due process rights under the Fifth and Fourteenth Amendments. Appellants seek reversal, default judgment, rescission of the mortgage contract under the Truth in Lending Act (TILA), and remand for adjudication before a new judge.

## STATEMENT OF THE CASE AND FACTS

On October 30, 2024, Appellants filed Case No. 1:24-cv-4968-VMC, alleging violations of TILA, RICO, and other claims related to a fraudulent mortgage transaction involving Defendants. Appellants paid a $405 filing fee, distinct from the previously dismissed Case No. 1:24-cv-3329-VMC.

Appellants filed 18 motions between October 30, 2024, and December 23, 2024, including motions for default judgment, production of records, disqualification of counsel, and disqualification of the presiding judge. All motions

1

were properly filed, accepted by the Clerk, and served on Defendants via certified mail.

Defendants were served on November 4, 2024, with service registered on the federal docket on November 6, 2024. Defendants failed to file any responsive pleading or motion.

On November 1, 2024, two days after filing, the district court consolidated Case No. 1:24-cv-4968-VMC with Case No. 1:24-cv-3329-VMC and closed the new case without notice or hearing, before service was effectuated.

Appellants were not notified of the closure and discovered the dismissal in February 2025 upon obtaining the docket from the Clerk.

On December 23, 2024, the district court dismissed the case as frivolous, ignoring Defendants' failure to respond and Appellants' pending motions. On January 29, 2025, the court threatened sanctions and filing bans, citing the irrelevant dismissed case.

Appellants filed a timely notice of appeal on February 10, 2025.

### ARGUMENTS

**I.   Defendants' Failure To Respond Mandates Default Judgment**

Defendants' failure to respond to the complaint or any of Appellants' 18 motions after lawful service triggers default under Fed. R. Civ. P. 55(a). "When a

2

party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *see H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970).

Additionally, under Fed. R. Civ. P. 36(a)(3), Defendants' failure to respond to Appellants' requests for admissions within 30 days constitutes an admission of all claims, including the fraudulent nature of the mortgage contract. Appellants' motion for default judgment should have been granted, and the district court's dismissal was procedurally defective.

**II.   Appellants' Right To Rescind The Mortgage Under Tila Is Uncontested**

Appellants exercised their right to rescind the mortgage under 12 C.F.R. § 1026.23, which allows rescission within three years if proper disclosures are not provided. Defendants failed to provide required TILA disclosures, including accurate finance charges for Appellants' $40,000 down payment, violating 15 U.S.C. § 1638(a). Defendants' failure to respond within the 20-day period rendered the rescission effective by operation of law. *Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. 259, 262 (2015) (written notice of rescission is sufficient; no lawsuit is required).

3

The district court's dismissal without addressing the uncontested rescission violates TILA and warrants reversal.

### III. Dismissal Without Notice Or Hearing Violated Due Process

The district court's consolidation of Case No. 1:24-cv-4968-VMC with a dismissed case and its closure on November 1, 2024, without notice or hearing, violated Appellants' due process rights under the Fifth and Fourteenth Amendments. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965); *see* also *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976).

The dismissal, issued two days after filing and before the 90-day service period under Fed. R. Civ. P. 4(m), constitutes reversible error. Fed. R. Civ. P. 60(b) permits relief from judgment for "mistake, fraud, or any other reason justifying relief." The district court's actions deprived Appellants of their constitutional right to adjudication, necessitating reversal.

### IV. Failure To Compel Production Of Records Violates Discovery Rules

Appellants moved for production of corporate, banking, and financial records, including the wet-ink promissory note and securitization details, under Fed. R. Civ. P. 34(a)(1). These records were critical to proving Defendants'

4

fraudulent documentation, including a photoshopped bank statement. The district court's refusal to compel production prejudiced Appellants and violated discovery rules. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) (holding that "We agree, of course, that the deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of "fishing expedition" serve to preclude a party from inquiring into the facts underlying his opponent's case. [Footnote 8] Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession.").

## V. Defendants' Fraudulent Conduct And Unlicensed Representation Invalidate The Mortgage

Defendants engaged in fraud by providing falsified bank statements and failing to produce the original promissory note, violating 7 CFR § 3555.108 and 15 U.S.C. § 1692e(3)-(4). The $40,000 down payment was made under misrepresented terms, rendering the mortgage void ab initio under common law fraud principles.

Additionally, Defendant Briana Tookes falsely represented herself as an attorney and debt collector without providing proof of licensure under O.C.G.A. §

5

15-19-50 or registration under the Foreign Agents Registration Act (FARA), 22 U.S.C. § 612. Failure to comply with FARA creates a jurisdictional defect, voiding Defendants' legal actions. *Schware v. Board of Bar Examiners*, 353 U.S. 232, 239 (1957). The district court's refusal to disqualify counsel was an abuse of discretion.

## VI.  Judicial Bias And Threats Of Sanctions Violate Due Process

The district court's January 29, 2025, order threatening sanctions and filing bans, combined with its refusal to recuse, demonstrates judicial bias. "A fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison*, 349 U.S. 133, 136 (1955); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009). The court's actions, including ignoring motions and favoring Defendants, warrant reassignment to a new judge.

## VII.  *Pro Se* Status Entitles Appellants To Liberal Construction

As pro se litigants, Appellants are entitled to liberal construction of their pleadings under 28 U.S.C. § 1654. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court's dismissal without a hearing or opportunity to respond undermines judicial integrity and Appellants' right to access the courts.

## VIII.  Constitutional And Civil Rights Violations

The district court's actions violated Appellants' rights under 42 U.S.C. § 1983 (deprivation of rights under color of law) and 18 U.S.C. § 894 (extortionate

6

credit transactions). The dismissal without legal grounds or notice is null and void under *Marbury v. Madison*, 5 U.S. 137, 178 (1803) ("All laws repugnant to the Constitution are null and void.").

## CONCLUSION

WHEREFORE, Appellants respectfully request that this Court:

1. Deny all the arguments and prayers in the Defendants-Appellees' Briefs.

2. Reverse and vacate the district court's dismissal of Case No. 1:24-cv-4968-VMC.

3. Grant default judgment under Fed. R. Civ. P. 55(a) due to Defendants' failure to respond.

4. Declare the mortgage contract rescinded and void under TILA, 12 C.F.R. § 1026.23.

5. Remand the case to the District Court with instructions to restore all 18 motions and assign a new judge.

6. Enjoin foreclosure proceedings pending litigation.

7. Disqualify Defendants' counsel for FARA and Georgia Attorney Act violations and strike unauthorized filings.

8. Compel production of corporate, banking, and financial records under Fed. R. Civ. P. 34.

7

9. Award compensatory damages, injunctive relief, and costs for filing fees and constitutional violations.

10. Grant any further relief deemed just and proper.

Dated: May 2nd, 2025

Respectfully submitted,

By: *James Bussey*
James Bussey (Pro Se)
455 Liberty Trace
Roswell, Georgia 30076
404-993-3925
JamesBussey72@yahoo.com

*Brenda Sandoval Rey*
Brenda Sandoval Rey (Pro Se)
455 Liberty Trace
Roswell, Georgia 30076
404-993-3925
JamesBussey72@yahoo.com

8

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 1336 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Times New Roman 14-point font. *See* Eleventh Circuit Rule 32-1.

Dated: May 2nd, 2025

Respectfully submitted,

By: *James Bussey*
James Bussey (Pro Se)
455 Liberty Trace
Roswell, Georgia 30076
404-993-3925
JamesBussey72@yahoo.com

*Brenda Sandoval Rey*
Brenda Sandoval Rey (Pro Se)
455 Liberty Trace
Roswell, Georgia 30076
404-993-3925
JamesBussey72@yahoo.com

9

## CERTIFICATE OF SERVICE

I certify that on May 2nd, 2025, I served a true and correct copy of the foregoing Initial Brief via FedEx, CM/ECF electronic filing system, and/or hand-delivery upon the following parties:

> Formerly Presiding Judge Victoria Marie Calvert
> Richard B. Russell Federal Building & United States Courthouse
> 2211 United States Courthouse
> 75 Turner Drive, SW
> Atlanta, Georgia 30303-3309
>
> Clerk of the Court of Appeals Eleventh Circuit
> Elbert Parr Tuttle Court of Appeals Building
> 56 Forsyth Street N.W.
> Atlanta, Georgia 30303
>
> McCalla Raymer-Liebert Pierce, LLC
> 1544 Old Alabama Road
> Roswell, Georgia 30076
> Attorney William O. Tate, McCalla Raymer-Liebert Pierce, LLC
> Briana Tookes

Respectfully submitted,

By: /s/ James Bussey
James Bussey (Pro Se)
455 Liberty Trace
Roswell, Georgia 30076
404-993-3925
JamesBussey72@yahoo.com

/s/ Brenda Sandoval Rey
Brenda Sandoval Rey (Pro Se)